IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY CASTRO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00016-O-BP |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant United States of America's ("the Government's") Motion to Dismiss; Plaintiff John Anthony Castro's Response; and the Government's Amended Reply. ECF Nos. 7, 11, 17. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the Motion to Dismiss. ECF No. 7.

**I.   BACKGROUND**

Castro sues the Government under 26 U.S.C. § 7431, alleging an agent with the Internal Revenue Service ("IRS") told certain individuals Castro was subject to an IRS investigation in violation of 26 U.S.C. § 6103. ECF No. 1. The Government moved to dismiss Castro's lawsuit on March 16, arguing (1) Castro's claim should be dismissed under Fed. R. Civ. P. 12(b)(5) because he did not provide sufficient proof of service; and (2) Castro's claim should be dismissed under Fed. R. Civ. P. 12(b)(6) because the agent's representation was an "investigatory disclosure" authorized by § 6103(k)(6) and Castro therefore fails to state a claim for which can be granted. *See* ECF No. 7. Should the Court disagree the disclosure was authorized, the Government alternatively contends Castro's Complaint should be dismissed because the agent's disclosure falls under

§ 7341(b)(1)'s "good faith exception." *See id.* at 3. Castro perfected service upon the Government on April 21, rendering the Government's argument under Rule 12(b)(5) moot. *See* ECF No. 17 at 1. The Government dropped that argument, but the parties continue to dispute whether Castro's claim should be dismissed under Rule 12(b)(6).

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To state a viable claim, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Rule 12(b)(6) Motions serve "to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). While complaints do not need detailed factual allegations to survive 12(b)(6) dismissal, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Rather, the complaint must include enough facts "to raise a right to relief above the speculative level" with the court operating "on the assumption that all the complaint's allegations are true." *Id.*

When considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### B.   26 U.S.C. § 6103 Standard

Title 26 U.S.C. § 6103(a) prohibits IRS agents or other Government employees from disclosing a taxpayer's "return or return information" to third parties. Section 6103(b)(1)(A) includes within the definition of "return information" information concerning "whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing." Section 7431 "provides the exclusive remedy for unlawful disclosure of tax information." *Hobbs v. U.S. ex rel. Russell*, 209 F.3d 408, 410 (5th Cir. 2000). To state a claim under § 7431, a claimant "must specify what information was revealed, to whom[,] and under what circumstances." *Holley v. Holley-Weldon*, No. 2:02-cv-133-J, 2003 WL 21968536, at *1 (N.D. Tex. June 27, 2003) (citation omitted).

An exception to this rule exists in § 6103(k)(6), which allows IRS agents to "disclose return information to the extent that such disclosure is necessary in obtaining information" as part of a formal investigation into the taxpayer. *Gandy v. U.S.*, 234 F.3d 281, 284 (5th Cir. 2000) (discussing § 6103(k)(6)). "According to the [IRS] regulations, disclosures are authorized only when the necessary information cannot be reasonably obtained in 'accurate and sufficiently probative form' or in a 'timely manner,' and 'without impairing the proper performance of official duties.'" *Payne v. U.S.*, 289 F.3d 377, 382 (5th Cir. 2002) (quoting 26 C.F.R. § 301.6103(k)(6)-1(a), (b)). "Whether a disclosure is authorized depends upon the 'facts and circumstances of the particular case.'" *Id.* (quoting same). Even if an IRS agent's disclosure was unauthorized under § 6103(k)(6), the statute has a safe harbor provision that shields agents from liability from unauthorized disclosures made

"in good faith." The court applies an objective standard to determine whether a disclosure was made in good faith. *Huckaby v. U.S. Dep't of Treasury, IRS*, 794 F.2d 1041, 1048 (5th Cir. 1986).

## III.   ANALYSIS

The Government seeks dismissal of Castro's case for one of two reasons: (1) the agent's "statements [were] authorized under 26 U.S.C. [§] 6103(k)(6)"; and (2) even if not, "the statements fall within 26 U.S.C. § 7431(b)(1)'s good-faith exception." Because these arguments are inapposite for a Rule 12(b)(6) motion, neither persuades.

Castro argues an IRS agent "unquestionably committed the act of disclosing confidential return information as defined in 26 U.S.C. § 6102(b)(2)(A) in violation of 26 U.S.C. § 6103(a) when [the agent] informed individuals of an ongoing investigation of the Plaintiff." ECF No. 1 at 7. His Complaint recounts with specificity the facts surrounding the allegedly unauthorized disclosure and the persons to whom it was made. *See id.* at 4-7. At the Rule 12(b)(6) stage, the Court must assume everything in Castro's Complaint is true and view his allegations "in the light most favorable" to his claim. *Yumilicious Franchise, LLC*, 819 F.3d at 174. Having done so here, the undersigned concludes a Rule 12(b)(6) dismissal would be improper, as such dismissals are reserved for cases where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)).

While the Government moves to dismiss Castro's claim under Rule 12(b)(6)—a Rule designed to facilitate efficient disposition of facially deficient Complaints—the parties' briefing quickly devolves into disputes of law and fact. For instance, with respect to the "investigative disclosure" argument, the Government contends the agent's "identification of Castro as the subject of the investigation was necessary to obtain information relevant and material to [the]

investigation." ECF No. 17 at 4. Castro countered with a litany of Fifth Circuit cases narrowing the scope of circumstances under which such disclosures are considered "necessary." *See* ECF No. 11 at 4-6. Neither argument references the face of the Complaint, which along with judicially noticed facts is the only place the Court may look when dismissing cases at this stage. *See Hebert Abstract Co.*, 914 F.2d at 76. The same is true for the "good faith exception" argument, where the parties dispute the exception's applicability to the operative facts of this case. *See, e.g.*, ECF Nos. 7 at 10-17; 11 at 8-11; 17 at 8-9. The good faith exception analysis necessarily implicates a mixed question of fact and law unresolvable at this early stage. *See Gandy v. U.S.*, 234 F.3d 281, 284 (5th Cir. 2000).

In many respects, the Government's Motion made the right arguments at the wrong time. Denial of the Motion says nothing of the relative merit of the Government's arguments; it simply says they belong in a motion for summary judgment or argument at trial. At this stage, Castro need only plead three things: "what information was revealed, to whom, and under what circumstances." *Holley*, 2003 WL 21968536, at *1. Because Castro's Complaint satisfies those three requirements, it should survive the Government's motion to dismiss under Rule 12(b)(6).

**V.   CONCLUSION**

Castro's Complaint provides a "short and plain statement of the claim showing [Castro] is entitled to relief" and contains enough facts "to raise a right to relief above the speculative level." *See* Fed. R. Civ. P. 8(a); *Twombly*, 550 U.S. at 555. As a result, dismissal under Rule 12(b)(6) is not proper, and the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Motion to Dismiss. ECF No. 7.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions,

5

and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on May 4, 2022.

*[signature]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

6