IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY CASTRO, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.    4:22-CV-0016-O-BP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR A JURY TRIAL**

Plaintiff's untimely motion for a jury trial must be denied because no right exists for a jury trial in a 26 U.S.C. § 7431 case.   *Strong v. United States*, No. CIV A 6:98-1452, 1998 WL 990581, at *4 (W.D. La. Dec. 10, 1998) ("Because plaintiff has not demonstrated that Congress has 'affirmatively and unambiguously' granted a statutory right to a jury trial on a claim under section 7431, plaintiff's jury demand must be stricken and the Government's motion on this issue is granted."); *Agbanc Ltd. v. Berry*, 678 F. Supp. 804, 809 (D. Ariz. 1988) (there is no right to a jury trial under 26 U.S. § 7431); and *Chandler v. United States*, No. CIV. 86C-1105S, 1987 WL 59584, at *1 (D. Utah June 29, 1987) ("There is no provision for a jury trial under § 7431.").

As stated in *Information Resources, Inc. v. United States*, 996 F.2d 780, 783 (5th Cir. 1993), "[a] right to a jury trial against the United States exists only if Congress has created such right by statute, " Citing *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)( "It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government.")   Although *Information Resources* dealt with a request for a jury trial on claims brought under 26 U.S.C. §§ 7432 and 7433, its holding is apt here.   Analyzing the

statutory text of those waivers of the government's sovereign immunity, the Fifth Circuit observed that "[n]either provision mentions a right to a trial by jury, and we have found no legislative history demonstrating that Congress intended to confer such a right. … Congress has not 'affirmatively and unambiguously' granted a right to a jury trial to plaintiffs bringing actions under § 7432 or § 7433."  *Id.*, a 783.

As with Sections 7432 and 7433, Section 7431 does not mention a right to trial by jury. Indeed, the court in *Strong* cited *Information Resources* as authority to strike a jury demand in a suit alleging the wrongful disclosure of return information.   Because "the plaintiff in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute" Plaintiff's Motion for a Jury Trial must be denied. *See Lehman*, 453 U.S. at 168.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Thomas M. Herrin
THOMAS M. HERRIN
State Bar No. 09533500
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas   75201
thomas.m.herrin@usdoj.gov
(214) 880-9745 (ph)
(214) 880-9742 (facsimile)

**ATTORNEYS FOR DEFENDANT
UNITED STATES OF AMERICA**

2

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that on the January 20, 2023 the foregoing will be served via by the

Court's electronic filing service on the following:

Tiffany Michelle Hunt
2626 Cole Ave., Suite 372
Dallas, Texas 75204
PO Box 4099
Dallas, Texas, 75208


/s/ Thomas M. Herrin
THOMAS M. HERRIN