IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY CASTRO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00016-O-BP |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant United States of America's Motion for Summary Judgment; Plaintiff John Anthony Castro's Response; and the Government's Reply. ECF Nos. 38, 49, 50. After considering the Motion, pleadings, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion for Summary Judgment. ECF No. 38.

**I.    BACKGROUND**

John Anthony Castro ("Castro") sues the United States of America ("the Government") under 26 U.S.C. § 7431, alleging that Tuan Ma ("Ma"), a criminal investigative agent of the Internal Revenue Service ("IRS"), told certain individuals that Castro was the subject of an IRS investigation in violation of 26 U.S.C. § 6103. ECF No. 1. The Government moved to dismiss Castro's lawsuit arguing (1) that Ma's representation was an "investigatory disclosure" authorized by § 6103(k)(6) (ECF No. 7), and (2) if not an authorized investigatory disclosure, the disclosure met the "good faith exception" under § 7341(b)(1). *See id.* at 3. Judge O'Connor accepted the undersigned's findings and denied the Government's Motion to Dismiss. ECF Nos. 20, 29. The Government then filed the pending Motion for Summary Judgment, which now is ripe for review.

## II. LEGAL STANDARDS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Slaughter v. S. Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is 'material' if it involves a fact that might affect the outcome of the suit under the governing law." *Burgos v. Sw. Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment would be improper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Merely colorable evidence or evidence not significantly probative will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249–50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Id.* at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

The Court must view summary judgment evidence in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986);

*Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, the Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 242–43. The movant's motion for summary judgment will be granted only if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56; *Duckett*, 950 F.2d at 276.

    **A.**    **26 U.S.C. §§ 6103 and 7431 Standards**

Title 26 U.S.C. § 6103(a) prohibits IRS agents or other Government employees from disclosing a taxpayer's "return or return information" to third parties. Section 6103(b)(1)(A) includes within the definition of "return information" information concerning "whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing." Section 7431 "provides the exclusive remedy for unlawful disclosure of tax information." *Hobbs v. U.S. ex rel. Russell*, 209 F.3d 408, 410 (5th Cir. 2000). To state a claim under § 7431, a claimant "must specify what information was revealed, to whom[,] and under what circumstances." *Holley v. Holley-Weldon*, No. 2:02-cv-133-J, 2003 WL 21968536, at *1 (N.D. Tex. June 27, 2003)

(citation omitted). The penalty for each proven violation is the greater of one thousand dollars or the actual damages the plaintiff sustained because of the disclosure. 26 U.S.C. § 7431(c)(1).

An exception to this rule exists in § 6103(k)(6), which allows IRS agents to "disclose return information to the extent that such disclosure is necessary in obtaining information" as part of a formal investigation into the taxpayer. *Gandy v. United States*, 234 F.3d 281, 284 (5th Cir. 2000) (discussing § 6103(k)(6)). If deemed necessary, *Gandy* permits oral disclosures confirming that there is a criminal investigation and identifying the subject of that investigation. *Id.* at 286. The Fifth Circuit has held that

> [Section] 6103(k)(6) allows an IRS agent to disclose return information during an investigation to obtain information if three requirements are met: (1) the information sought is 'with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision' of the [Internal Revenue Code]; (2) the information sought is 'not otherwise reasonably available'; and (3) it is 'necessary to make disclosures of return information in order to obtain the additional information sought.'

*Millennium Mktg. Grp., LLC v. United States,* No. H-06-962, 2010 WL 1768235 at *15 (S.D. Tex. Feb. 9, 2010), *rec. adopted*, 2010 WL 1485925 (S.D. Tex. Mar 24, 2010) (*citing Payne v. United States*, 289 F.3d 377, 382 (5th Cir. 2002) and *Barrett v. United States,* 795 F.2d 446, 449 (5th Cir. 1986)).

Treasury Regulations define "to the extent necessary" as meaning:

> a disclosure of return information which an internal revenue ... employee, based on the facts and circumstances, at the time of the disclosure, reasonably believes is necessary to obtain information to perform properly the official duties described by this section, or to accomplish properly the activities connected with carrying out those official duties. The term necessary in this context does not mean essential or indispensable, but rather appropriate and helpful in obtaining the information sought. Nor does necessary in this context refer to the necessity of conducting an investigation or the appropriateness of the means or methods chosen to conduct the

4

> investigation. Section 6103(k)(6) does not limit or restrict internal revenue ... employees with respect to the decision to initiate or the conduct of an investigation.

26 C.F.R. § 301.6103(k)(6)–1(c)(1). In this context, courts view (1) whether the disclosures were necessary, and (2) whether the information sought was otherwise reasonably available, as interdependent questions, and consider them together. *See Barrett, 795 F.2d at 449.* "According to the [IRS] regulations, disclosures are authorized only when the necessary information cannot be reasonably obtained in 'accurate and sufficiently probative form' or in a 'timely manner,' and 'without impairing the proper performance of official duties.'" *Payne,* 289 F.3d at 382 (quoting 26 C.F.R. § 301.6103(k)(6)-1(a), (b)). "Whether a disclosure is authorized depends upon the 'facts and circumstances of the particular case.'" *Id.*

Even if an IRS agent's disclosure was unauthorized under § 6103(k)(6), a safe harbor provision shields agents from liability if the disclosure was made "in good faith." 26 U.S.C. § 7431(b)(1). Courts apply an objective standard to determine whether a disclosure was made in good faith. *Huckaby v. U.S. Dep't. of Treasury, IRS*, 794 F.2d 1041, 1048 (5th Cir. 1986). Under this standard, the question is whether a reasonable IRS agent would be familiar with the statute and the IRS's interpretation of that statute as explained in its own regulations. *Id.*

### III.    ANALYSIS

Revisiting the grounds it urged for dismissal of Castro's claims, the Government seeks summary judgment because Ma's "statements [were] authorized under 26 U.S.C. [§] 6103(k)(6)"; and (2) even if not, were "within 26 U.S.C. § 7431(b)(1)'s good-faith exception." *See* ECF No. 38. Although there is a material fact issue on whether Ma's statements were necessary and thereby authorized, there is no issue of material fact as to whether he made the statements in good faith.

### A. A fact issue exists on whether it was necessary for Ma to disclose Castro's name and that he was the subject of a criminal investigation.

The Government first contends that Ma's identification of Castro as the subject of a criminal investigation was necessary to obtain information that was relevant and material to the investigation. ECF No. 38 at 11. In his declaration, Ma stated that he was aware of § 6103's exception authorizing disclosure of taxpayer return information. ECF No. 38-1 at 2. He further stated that he believed that it was necessary to contact third parties such as Christiaan A. Dekter ("Dekter"), one of Castro's clients, and James Robert Land ("Land"), Castro's former employee or contractor, because they both had personal knowledge of Castro's business practices as a paid tax return preparer. *Id.* Ma stated that their personal knowledge of Castro's practices was not reasonably available from other sources. *Id.* at 3. Although for the purposes of this Motion the Government admits that Ma made the disclosure, in his declaration Ma stated that he did not share any unauthorized return information with either Dekter or Land during their interviews. *Id.* Finally, Ma stated that Dekter was not cooperative and refused to be interviewed. *Id.*

Castro argues that Ma's telling Dekter and Land that he was the subject of an ongoing investigation was a disclosure of confidential return information under 26 U.S.C. § 6102(b)(2)(A) in violation of 26 U.S.C. § 6103(a). ECF No. 49 at 14. Castro cites numerous cases defining the circumstances under which such disclosures are "necessary." *See* ECF No. 49 at 14-19. He also directs the court to the affidavits of Dekter and Land for the proposition that identifying Castro as the subject of a criminal investigation instead of them, was not a necessary disclosure that was relevant to the investigation. *Id.* Castro alleges that Dekter's affidavit shows that he was not outright uncooperative, only that he asked for counsel to be present during his interview. *Id.* at 24; ECF No. 49-3 at 2-3. Castro also contends that before Ma even mentioned any other information

6

to Land, "the agents disclosed that the purpose of the interview was a criminal investigation. And immediately after disclosed the identity of Castro." ECF Nos. 49 at 25 and 49-2 at 3-4.

Ma stated in his declaration that he did not disclose to Dekter or to Land that Castro was subject to a criminal or grand jury investigation. ECF No. 38-1 at 3. Dekter stated in his affidavit that Ma did disclose Castro's identity and that he was the subject of the criminal investigation. ECF No. 49-3 at 3. Ma admits to making these statements for the "for the purposes of this Motion only," but the Government reserves the right to contest this issue at trial. ECF No. 38 at 8, 5. Although there is a factual dispute as to whether Ma made these statements, for the purposes of this Motion, the Court assumes that Ma disclosed confidential return information regarding Castro to Dekter and Land.

The evidence shows that Ma believed such disclosure to Dekter was necessary. Ma's declaration confirms that he believed that the information he sought from Dekter was relevant to his investigation, and that disclosing that Castro was the subject of a criminal investigation was necessary to obtain that information. *See Id.* Even Dekter confirmed that "after some time pressuring me without success, Ma said something to the effect that although it was not usual to do so, he would reveal to me that Mr. Castro was the subject of a grand jury investigation." ECF No. 49-3 at 3. Thus, the evidence reflects that at a minimum Dekter was unwilling to voluntarily speak with Ma and that further disclosure was necessary to obtain information about Castro. However, Land's affidavit shows that "upon settling at a table I was informed that it was a criminal investigation into John Anthony Castro[.]" ECF No. 49-2 at 3. This statement conflicts with Ma's declaration that pressure from Land warranted disclosing the information, thus creating a fact issue as to whether the disclosure to him was necessary under § 6103. ECF No. 49-2 at 3.

7

The Court resolves factual conflicts in favor of the party opposing a summary judgment motion only when both parties have submitted evidence of contradictory facts. *Little,* 37 F.3d at 1075. Here, Castro has not met his burden to show a fact issue as to whether Ma's disclosure to Dekter was necessary. The summary judgment evidence proves that Ma applied some pressure, unsuccessfully, to get Dekter to talk freely about Castro during the interview. However, Castro has met his burden as to the disclosure to Land and the question of whether that disclosure was unnecessary, thus raising a fact issue on this point.

      **B.**      **Ma's disclosures to Dekter and Land were made in good faith.**

Even if Ma's disclosure to Dekter or Land was unauthorized, the Government is not liable to Castro if the § 7431(b) good faith exception applies. The Government argues that Ma's interpretation of § 6103's exception was not only reasonable, even if in error, but also was made in good faith based on case law, statutory authority, regulations, and the IRS Manual ("IRM"). ECF No. 38 at 12. Ma stated in his affidavit that he had extensive training on the subject of disclosure of return information and that § 6103(k)(6) specifically authorized him to disclose information to third parties to the extent necessary, per IRM § 9.3.1.3(4). ECF No. 38-1 at 1-2. The IRS trained him to introduce himself as an agent with the "IRS-CI" and to display his badge and commission. *Id.* After doing so in this case, Ma told Dekter and Land that the purpose of his interviews was to learn what they knew of Castro's return preparation practices. *Id.* at 3. Ma stated that this information was not reasonably available from other sources. *Id.*

Castro contends that Ma violated the IRM, disqualifying him from § 7431(b)'s safe harbor exception to liability. ECF No. 49 at 26-29. First, he cites a provision stating that official matters should not be discussed in public, IRM § 9.3.1.3(1). He claims that Ma violated this section because, according to Land, his interview took place in a Subway restaurant. ECF No. 49-2 at 3.

Second, Castro references a provision that permitted disclosure of return information only if the information was not reasonably available from other sources, IRM § 9.3.1.3(4). Finally, he notes a provision that references the need for secrecy of any grand jury investigation, IRM § 9.3.1.4.1.

In the absence of proof, the Court should not assume that the nonmovant could or would prove necessary facts. *Little,* 37 F.3d at 1075. The summary judgment evidence does not support Castro's contentions. First, no evidence suggests that other people were within ear shot of the interview with Land in the Subway restaurant. Second, Castro offered no evidence that the information Ma sought from Dekter and Land was available elsewhere. Ma's affidavit stated that the information was not readily available elsewhere, and Dekter and Land's affidavits do not dispute that. ECF Nos. 49-2, 49-3, 38-1. According to Dekter's affidavit, Ma told him that Castro was the subject of a grand jury investigation. ECF No. 49-3 at 3. Ma disputes this fact in his affidavit. ECF No. 38-1 at 3. Although there is a fact dispute here, the good faith exception allows for exactly this kind of errant disclosure. *See* § 7431; *Gandy,* 234 F.3d at 286 (the good faith exception typically protects oral disclosures of the criminal nature of an IRS investigation). Finally, the IRM Notes explain that an agent should not characterize the investigation as criminal. IRM § 9.4.5.11.3.1.4(1). However, this provision also states that agents should "make an affirmative statement that they are special agents with the IRS, CI and identify the person under investigation." *Id.* CI stands for criminal investigation. *Id.*

The Government urges the Court to analyze the exception under an objective good faith standard set out in statutory authority, the IRS Regulations, and the IRM, not on extraneous factors. ECF No. 50 at 5-6. The Court evaluates "good faith" in connection with a § 7431 violation under an objective standard. *Payne,* 289 F.3d at 384 (citing *Huckaby,* 794 F.2d at 1048) ("A reasonable IRS agent can be expected to know statutory provisions governing disclosure, as interpreted and

reflected in IRS regulations and manuals."). The Fifth Circuit has held that the same objective standard that applies to the disclosure of return information, also applies to the compliance with IRS procedures set out in the IRM and Handbook. *See Gandy,* 234 F.3d at 286. As the court held in *Gandy*, because a reasonable agent could conclude that he was authorized to orally disclose what the third party likely already knew—that he was conducting a criminal investigation—the good faith exception excused the oral disclosures. The Fifth Circuit also has noted that Treasury Regulations allow an IRS agent to disclose the nature of his official duties when investigating a taxpayer and the Handbook authorizes the display of credentials and badges identifying CI agents. *Payne,* 289 F.3d at 385. These authorities support a finding that Ma reasonably interpreted and followed the provisions in the applicable statutes, regulations, and IRM.

Finally, Castro argues that Ma's acquiescence to the fact that he made these statements "for the purposes of this motion only" while his affidavit denies making them, constitutes perjury. ECF No. 49 at 29. Castro asserts that because of this bad act, the Government cannot claim the good faith exception. *Id.* The Court is not persuaded. Factual assertions in alternative pleadings are not judicial admissions and are permissible under Rule 8. Fed. R. Civ. P. 8(d)(2)-(3); *see Baughman v. CamWest Partners II, LLC,* No. 3:09-cv-2243-F, 2010 WL 11561755 at *3 (N.D. Tex. May 6, 2010). Ma's statements in the Motion that conflict with his affidavit for purposes of arguing the good faith exception do not amount to perjury.

Accordingly, Ma's knowledge of the statutes and regulations and his belief that he could display his credentials that identified him as an IRS-CI agent, support a reasonable conclusion that he could verbally disclose the nature of his investigation of Castro to Dekter and Land. Applying the objective good faith standard, the Court finds that Ma could reasonably conclude that he was authorized to orally disclose that he was conducting a criminal investigation.

## IV. CONCLUSION

No liability attaches to any disclosure of confidential return information that results from a good faith interpretation of § 6103 (*see* § 7431), even if erroneous. The evidence here shows that Ma was acting in good faith when he made such a disclosure to Dekter and Land, if indeed he made such a disclosure. As a result, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion for Summary Judgment. ECF No. 38.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on March 29, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

11