IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY CASTRO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00016-O-BP |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, John Anthony Castro ("Castro"), sues the United States under 26 U.S.C. § 7431, claiming that Tuan Ma ("Ma"), an Internal Revenue Service ("IRS") criminal investigative agent, violated 26 U.S.C. § 6103 by informing certain individuals that Castro was subject to an IRS investigation. Before the Court is the Defendant United States' Motion for Summary Judgment (ECF No. 38), filed January 17, 2023. Plaintiff filed his Response to the Defendant's Motion for Summary Judgment (ECF No. 48) on February 7, 2023, and Defendant filed its Reply (ECF No. 50) on February 21, 2023. On March 29, 2023, the United States Magistrate Judge issued his Findings, Conclusions, and Recommendation (ECF No. 52) wherein he recommended that the undersigned **GRANT** Defendant's Motion for Summary Judgment. Subsequently, on April 6, 2023, Plaintiff filed his Objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 55).[1] Defendant then filed its Response to Plaintiff's

---

[1] After the United States Magistrate Judge issued his Findings and Conclusions, Plaintiff's counsel withdrew from this case, so Plaintiff filed his Objections pro se. A pro se plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citations omitted). However, if the court determines that the plaintiff has pleaded his best case, a district court does not err in dismissing a pro se complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999)

Objections on April 17, 2023. As such, the question of summary judgment in this case is ripe for consideration.

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are **ACCEPTED** as the Findings and Conclusions of the Court.

## LEGAL STANDARDS

26 U.S.C. § 6103(a) prohibits IRS agents from disclosing a taxpayer's "return or return information" to any third party. Relatedly, 26 U.S.C. § 7431 "provides the exclusive remedy for unlawful disclosure of tax information." *Hobbs v. U.S. ex rel. Russell*, 209 F.3d 408, 410 (5th Cir. 2000).

An exception to § 6103(a) exists within § 6103(k)(6), which states that IRS agents can "disclose return information to the extent that such disclosure is necessary in obtaining information" as part of an investigation. *Gandy v. United States*, 234 F.3d 281, 284 (5th Cir. 2000) (discussing § 6103(k)(6)). Even if a disclosure is not authorized under § 6103(k)(6), an agent may still be shielded from liability if the disclosure was made in good faith. 26 U.S.C. § 7431(b)(1). The Fifth Circuit applies an objective standard to determine if a disclosure was made in good faith. *Huckaby v. U.S. Dep't. of Treasury, IRS*, 794 F.2d 1041, 1048 (5th Cir. 1986). Under this good faith analysis, the question is whether a reasonable IRS agent would be familiar with the statute and the IRS's interpretation of that statute as explained in its own regulations. *Id*.

---

(citing *Jacquez v. R.K. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

**PLAINTIFF'S OBJECTIONS**

In Part III(b) of his Findings and Conclusions, the United States Magistrate Judge held that while there may be a material issue of fact as to whether Ma's disclosures were necessary under § 6103(k)(6), Ma's disclosures were nonetheless made in good faith, and thus summary judgment should be granted in favor of Defendant because Ma is protected from liability under § 7431(b)(1). Plaintiff solely objects to this portion of the Findings and Conclusions. Plaintiff initially argues that the United States Magistrate Judge improperly relied on the Fifth Circuit's decisions in *Gandy v. United States* and *Huckaby v. U.S. Dep't. of Treasury, IRS* because doing so "ignore[s] 23 years of legal development" and those cases "likely run afoul of the separation of powers."[2] Additionally, Plaintiff characterizes Judge Ray's reliance on *Gandy*, as "mak[ing] assumptions in favor of Government but not Plaintiff."[3] These arguments are without merit, as this Court is bound by Fifth Circuit precedent and may not simply ignore such rulings or choose not to apply them. *United States v. Mosley*, No. 4:23-CR-0041-P, 2023 WL 2777473, at *2 (N.D. Tex. Apr. 4, 2023).

Plaintiff further argues that Ma's good faith has not been established by the United States. Notably, Plaintiff supports this contention by citing decisions from the Eleventh Circuit and the Sixth Circuit, rather than applying the Fifth Circuit's good faith standard in *Huckaby* to the facts of this case.[4] Relying on this nonbinding authority, Plaintiff goes on to suggest that a person's good faith "is an inherently subjective analysis," and that any objective approach to determining one's good faith is improper.[5] But Plaintiff mischaracterizes the law that controls this Court. In the Fifth Circuit, courts are to apply an objective standard to determine if an agent's disclosure was in good faith. *Huckaby*, 794 F.2d at 1048 (5th Cir. 1986). Accordingly, based on its own review of

---

[2] Pl.'s Obj. 2–4, ECF No. 55.
[3] Pl.'s Obj. 7, ECF No. 55.
[4] *See* Pl.'s Obj. 4–5, ECF No. 55.
[5] Pl.'s Obj. 5, ECF No. 55.

the record and the applicable law, this Court finds that Ma's disclosure was objectively made in good faith and that there is no genuine dispute of material fact on this issue.

Overall, having reviewed Part III(b) of the Findings and Conclusions *de novo* and having reviewed the rest of the Findings and Conclusions for plain error, the Court believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are **ACCEPTED** as the Findings and Conclusions of the Court. Accordingly, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 38) is **GRANTED**. And finding that Plaintiff has pleaded his best case, this matter is **DISMISSED with prejudice**. Final judgment shall issue.

**SO ORDERED** on this **6th day** of **June, 2023**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**